**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| HALEY MACKRELL, *as parent of* M.T.M., *surviving child of* HAKEEM WILLIAMS, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO.: 7:24-CV-7 (LAG) |
| ANGELA BUTLER, individually, | : : | |
| Defendant. | : : | |

## **ORDER**

Before the Court is the Parties' Joint Motion for Entry of Proposed Protective Order and Brief in Support Thereof (Joint Motion) (Doc. 13). Therein, the Parties represent that "Plaintiff served a subpoena on the Georgia Department of Corrections (GDC), a non-party, regarding the subject matter of this litigation[,]" and in response "GDC partially objected, specifically to the disclosure of its investigative file before the criminal prosecution was complete, citing the need to preserve the confidentiality of sources and protect witnesses and correctional personnel." (*Id.* at 1). The GDC also objected to the subpoena because "materials responsive to certain of the requests contain confidential information such as social security numbers and other confidential personal, health or financial information of persons not parties to the action." (*Id.*). "GDC agreed to produce the objected to materials, provided the [P]arties jointly agreed to and moved the Court for the entry of a protective order regarding this production." (*Id.*). Thus, "to facilitate the exchange of documents and the protection of information produced by the GDC, the [Parties] jointly move the Court to enter" their Proposed Protective Order. (*Id.*; Doc. 13-1).

Under Federal Rule of Civil Procedure 26(c), the Court may enter a protective order upon finding good cause. Stipulated protective orders have "become commonplace in the

federal courts" to allow the parties "to designate particular documents as confidential . . . . and postpone[] the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged." *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001) (first citing Fed. R. Civ. P. 26(c)(7); and then citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). Accordingly, the Court finds a protective order is warranted to facilitate discovery. The Parties' Joint Motion (Doc. 13) is **GRANTED**, and the Parties' Proposed Protective Order (Doc. 13-1) is hereby **ADOPTED** and made the **ORDER** of the Court.

**SO ORDERED**, this 12th day of July, 2024.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**