IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| ASHLEY BROWN MUNOZ, as surviving daughter and the administrator of the ESTATE OF JERRY LEE BROWN, and JAMES NEWT BROWN, as surviving son, | ( ( ( ( ( ( | |
| Plaintiffs, | ( ( | |
| v. | ( ( | CIVIL ACTION FILE No. 3:22cv175-DHB-BKE |
| JESSICA ASKEW, individually, | ( ( | |
| Defendant. | ( | |

**OBJECTIONS AND RESPONSES TO SUBPOENA
FOR PRODUCTION OF DOCUMENTS TO NON-PARTY GEORGIA
DEPARTMENT OF CORRECTIONS**

COMES NOW the **Georgia Department of Corrections** (GDC), a non-party to this action, and, pursuant to Fed. R. Civ. P. 45(d)(2)(B), submits the following objections to the "Subpoena for Production" served on GDC by Plaintiff on March 7, 2023.[1] As set forth in more detail below, GDC objects partially to the subpoena as overly broad, unduly burdensome, and failing to provide sufficient parameters to allow GDC to conduct a reasonable, diligent, good faith search for some of the requests.

---

[1] The subpoena originally provided for a fourteen day response time but counsel for Plaintiffs agreed to allow GDC until March 31, 2023 to respond.

1

Like all discovery, a subpoena for the production of documents is subject to Rule 26 limits. *See* Fed. R. Civ. Proc. 26(b)(1) (requiring that discovery be "proportional to the needs of the case or the scope of the relief sought in the case"); *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) (providing that discovery fishing expeditions are not allowed). The standards for non-party subpoenas for documents are that the "sought documents are *necessary* in the litigation, the request is not unduly burdensome or expensive, it is narrowly drawn, and it can be processed without the need of counsel." *In re Blue Cross Blue Shield Antitrust Litig. Mdl No.: 2406*, 2016 U.S. Dist. LEXIS 200201, *28 (N.D. Ala. 2016) (emphasis added). Plaintiffs' instructions add to the burden by their attempt to impose a requirement as to format and a duty to supplement. *See In re 3m Combat Arms Earplug Prods. Liab. Litig.*, 2020 U.S. Dist. LEXIS 206917, *12 (N.D. Fla. 2020) (Unlike Rule 26, Rule 45 imposes no obligation to supplement). GDC objects to Plaintiffs' instructions and definitions to the extent they seek to impose a burden on GDC beyond the requirements of Rule 45.

**REQUEST FOR PRODUCTION No. 1: Produce any and all documents identifying any employee, agent, or contractor working at Johnson State Prison on November 12, 2020, including but not limited to, names, employee identification numbers, work schedules, as well as assigned areas and tasks.**

**OBJECTION AND RESPONSE**: GDC objects to this request as overly broad and unduly burdensome in that it requires the production of "any and all" documents for all persons employed or contracting with GDC at Johnson State Prison, including

work schedules, job descriptions, and post assignments. At the time indicated, Johnson State Prison employed approximately 170 employees, which includes administrative personnel who would not have been working in the dormitory where the underlying incident occurred as well as security personnel who were not scheduled to work on the day in question. Work schedules, job descriptions, and post assignments would largely have to be manually retrieved from specific employee files. This civil action involves an allegation of deliberate indifference by a single correctional officer in a single and specific dormitory of the facility in connection with an inmate on inmate assault in that dormitory. Moreover, GDC specifically objects to any request for "employee identification numbers" as those numbers are the primary link to all privileged personal identifying information for each of those persons employed by Johnson State Prison, persons who are not parties to the litigation and likely have no knowledge of the allegations of the complaint. Further, GDC does not have any means to identify persons contracting with Johnson State Prison on a specific date. Without waiving those objections, GDC will provide a listing of persons compensated for working at Johnson State Prison on the date specified, which includes those persons on sick or annual leave, and employee post rosters, identifying those persons expected to appear at work, for that date. GDC is further willing to confer with counsel to discuss providing additional information

from those lists once reasonable limiting parameters have been identified and agreed to by counsel.

**REQUEST FOR PRODUCTION 2: Produce any and all records identifying any employee, agent or contractor who at any time on November 12, 2020, entered in the building where Decedent was housed.**

**OBJECTION AND RESPONSE:** GDC will produce the logbook from Dorm G and Main Control G for November 12, 2020, which reflects all persons reporting to Dorm G, and the employee rosters for that date, identifying those persons expected to appear at work, for that date.

**REQUEST FOR PRODUCTION 3: Produce any and all records identifying the names of all incarcerated persons being housed in the same hall as Decedent on November 12, 2020.**

**OBJECTION AND RESPONSE:** GDC will produce a list of the persons incarcerated in Dorm G at Johnson State Prison on November 12, 2020.

**REQUEST FOR PRODUCTION 4: Produce all records related to any investigation into the events that took place on November 12, 2020 involving or related to Decedent and corrections officers at Johnson State Prison, including, but not limited to, the entire investigative file, inclusive of all interviews, investigative reports, photos, and other materials gathered or prepared by you or the Georgia Department of Corrections Office of Professional Standards.**

**OBJECTION AND RESPONSE**: GDC objects to Plaintiffs' subpoena request 4 as unreasonable and unduly burdensome as any potentially responsive documents or materials should be exempt from disclosure at this time as part of an open and ongoing law enforcement investigation and criminal prosecution. GDC seeks to avoid disclosure of its investigative file at this stage of the prosecution to prevent

disruption to the criminal prosecution; to preserve the confidentiality of sources; to protect witnesses and correctional personnel. *See e.g.* O.C.G.A. § 50-18-72 (a)(4). *See also Evans v. Georgia Bureau of Investigation*, 297 Ga. 318 (2015)(*See Unified Gov't v. Athens Newspapers, LLC*, 284 Ga. 192 (2008); *Polypropylene Carpet Antitrust Litig.*, 181 F.R.D. 680, 687 (N.D. Ga. 1998)(regarding federal common law investigatory privilege). Additionally, materials responsive to this request contain confidential information such as social security numbers and other confidential personal, health or financial information. Subject to those objections, GDC is willing to produce responsive documents subject to the terms of the mutually agreed upon protective order and appropriate redaction of confidential information. A proposed protective order, limiting use to this civil litigation, has previously been forwarded to counsel for consideration.

**REQUEST FOR PRODUCTION 5:** **For any and all inmate deaths that have occurred at Johnson State Prison within the 6 years prior to this incident on November 12, 2020, produce any and all incident reports and documentation including but not limited to: audit reports, Office of Professional Standards documents, investigative files and documentation, written complaints and/or filed lawsuits, deposition transcripts, and GBI documentation.**

**OBJECTION AND RESPONSE**: GDC objects to Plaintiffs' subpoena request number 5 as unreasonable and unduly burdensome as not reasonably limited by date; as not reasonably limited to the scope of discoverable material principal and main or relevant to the claims of this case (a fact specific allegation of deliberate indifference by a specific correctional officer for an incident occurring on a specific date); as not

5

reasonably limited to or defining "deaths" or the cause of death; due to Plaintiffs' failure to show that the speculative probative value of the requested information is greater than the burden to GDC to search, review, and redact the requested information; and due to the fact that any responsive materials are likely to include personal and medical information protected by state and federal law for persons not parties to this lawsuit. *See Jaffee v. Redmond*, 518 U.S. 1, 14 (1996); Health Insurance Portability and Accountability Act of 1996 (HIPAA)(preventing disclosure of protected health information without authorization); 45 C.F.R. § 164.508(a)(1) and (c). *See* Fed.R.Civ.P. 26(b)(1) (providing for discovery of nonprivileged matters that are relevant to the party's claim and proportional to the needs of the case); *see also Wachovia Ins. Servs. v. Paddison*, 2006 U.S. Dist. LEXIS 66463 (S.D. Ga. 2006) ("The reach of a subpoena issued pursuant to Rule 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1).") (quotations and citations omitted).

**REQUEST FOR PRODUCTION No. 6: Produce all video, audio, or any other media available related to the building and the hall of the dormitory where Decedent was housed on November 12, 2020.**

**OBJECTION AND RESPONSE**: Subject to the terms of production of the investigative file set out in response to Request 4, all audio files, photographs, and other media will be produced. There is no video footage.

**REQUEST FOR PRODUCTION No. 7: Produce all documents, records, and communications concerning the surveillance cameras on the hall where**

**Decedent was housed on November 12, 2020, including but not limited to, work orders, maintenance requests, and logs identifying issues with, an/or attempts to repair, the video monitoring equipment in the hall of the dormitory.**

**OBJECTION AND RESPONSE**: After a diligent and reasonable good faith search, GDC does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION No. 8: Produce all video, audio, and document retention policies applicable to you and Johnson State Prison, both respectively and collectively, in place and effective on November 12, 2020.**

**OBJECTION AND RESPONSE**: The State Government Record Retention Schedules can be found at the following link:

https://www.georgiaarchives.org/records/state_government

GDC-specific policies can be searched from here:

https://www.georgiaarchives.org/records/agency_specific/

**REQUEST FOR PRODUCTION No. 9: Produce all policies and procedures, in their totality, applicable to You, Georgia Department of Corrections and Johnson State Prison, both respectively and collectively, in place and effective on November 12, 2020.**

**OBJECTION AND RESPONSE**: GDC objects to Plaintiffs' subpoena request number 9 as overly broad and unduly burdensome given the number and length of polices for GDC, many which are not relevant to the claims of the complaint. Attached hereto is an index of GDC policies. Additional information regarding policies is readily available to Plaintiffs at www.gdc.ga.gov/content/facilities-division-0. GDC is willing to provide copies of specific policies identified by counsel from that index, assuming that there is no other privilege or security interest

in jeopardy by the production of that policy. If there is a privilege or security issue, GDC is willing to discuss production of a redacted version or the negotiation of a protective agreement to address the issue, if possible.

**REQUEST FOR PRODUCTION No. 10: Produce all physical and mental health medical records of Decedent while in your custody, including but not limited to hospital records, therapy sessions, behavioral health treatments, medications, and any other documentation of healthcare while Decedent was a ward of the State.**

**OBJECTION AND RESPONSE**: GDC does not have any mental health service records for Decedent responsive to this request. GDC is willing to produce all medical records for Decedent upon the production of an appropriate HIPAA release by Plaintiffs. *See Jaffee v. Redmond*, 518 U.S. 1, 14 (1996); Health Insurance Portability and Accountability Act of 1996 (HIPAA)(preventing disclosure of protected health information without authorization); 45 C.F.R. § 164.508(a)(1) and (c).

**REQUEST FOR PRODUCTION No. 11: Produce all documentation concerning contraband found in the prison cells during the six months prior to Decedent's death on November 12, 2020, including but not limited to: shanks, tools, weapons, knives, blades, or drugs.**

**OBJECTION AND RESPONSE**: GDC objects to Request number 11 as overly broad, unreasonable, and unduly burdensome to the extent the request seeks "all" documentation and due to Plaintiffs' failure to show that the speculative probative value of the requested information is greater than the burden to GDC to search, review, and redact the requested information. GDC will produce a SCRIBE report

identifying each instance of contraband being found in the period specified, believed to be 45. GDC is willing to discuss producing further information for specific instances identified from that list if the parties are able to agree to limited and specific parameters for the production. Please also see https://gdc.ga.gov/Research/Reports (contraband arrest reports).

**REQUEST FOR PRODUCTION No. 12: Produce any and all communications concerning Decedent and/or the Incident, including, but not limited to, emails, text messages, third party messaging applications (Signal, WhatsApp, GroupMe, Facebook, Instagram, etc.), phone recordings, and memorandums.**

**OBJECTION AND RESPONSE**: Other than those materials contained within the investigative file (Request number 4), GDC does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION No. 13: Produce any and all communications created and/or sent by Jessica Askew on November 12, 2020, including but not limited to, emails, text messages, third party messaging applications (Signal, WhatsApp, GroupMe, Facebook, Instagram, etc.), phone recordings, and memorandums.**

**OBJECTION AND RESPONSE**: After a diligent and reasonable good faith search, GDC does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION No. 14: Produce any notes or documents that Jessica Askew created on November 12, 2020.**

**OBJECTION AND RESPONSE**: Other than those materials contained within the investigative file (Request number 4), GDC does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION No. 15: Produce all records documenting any disciplinary reports or infractions by Decedent while in Your custody.**

**OBJECTION AND RESPONSE**: The disciplinary history of inmate Brown is attached to this response and reflects disciplinary reports from 2014 to 2017, three of which are not related to his incarceration at Johnson State Prison. Additional information regarding disciplinary reports may be found in inmate Brown's institutional file, which GDC will provide. Otherwise, GDC objects to Request number 15 for "all records" as overly broad and unduly burdensome as this request is not limited by time, requests "all" documents; does not provide reasonable limiting parameters to lessen the burden to GDC; and Plaintiffs have failed to show that the probative value of the requested documents is greater than the burden to GDC to search, review, and redact responsive documents. Subject to that objection, after Plaintiffs' counsel's review of the attached history, GDC is willing to discuss with counsel reasonable parameters for this request for information potentially relevant to the current claim based on the record of inmate Brown's disciplinary history.

**REQUEST FOR PRODUCTION No. 16: Produce all personnel files for the individually named Defendants in this action as well as any other employee who was in the building where Decedent was housed on November 12, 2020, including but not limited to, names, employment history, background checks, POST materials, disciplinary reports, OPS investigations, and training records.**

**OBJECTION AND RESPONSE**: GDC will produced the personnel file of Defendant Askew, with redactions for all personal identifying information, health,

financial, beneficiary information or any other information contained therein protected by law. GDC objects to producing any other personnel files as overly broad and unduly burdensome as those persons are not parties to the suit; those files contain significant amounts of information protected by state and federal law; and there is an absence of any showing by Plaintiffs that the probative value of the information requested exceeds the burden to GDC to search, review, and redact the requested files.

**REQUEST FOR PRODUCTION 17: Produce all records identifying the grievances, requests, submissions by, or on behalf of, Decedent while in custody at Johnson State Prison, concerning but not limited to, regarding mental healthcare, treatment by correctional officers, treatment by fellow inmates, or request to be placed on suicide watch.**

**OBJECTION AND RESPONSE**: Decedent Jerry Brown has no history of filing grievances while incarcerated by GDC. Responding further, GDC objects to Plaintiffs' requests for "requests, submissions by, or on behalf of, Decedent" as Plaintiffs fail to define those terms beyond "grievances." Subject to that objection, GDC will provide the institutional file of Decedent Jerry Brown, where records of inmate interactions would be routinely maintained.

**REQUEST FOR PRODUCTION 18: Produce any "reservation of rights" documentation or any correspondence or documents regarding insurance coverage in this matter.**

**OBJECTION AND RESPONSE:** After a diligent and reasonable good faith search, GDC, a non-party, does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION 19: Produce a copy of the applicable insurance policy in this case.**

**OBJECTION AND RESPONSE:** GDC is not a party to this litigation and therefore, has no documents to produce responsive to this request.

**REQUEST FOR PRODUCTION 20: Produce all documentation regarding classification of Decedent in a particular cell or area of the prison and any information related to inmates he should not be housed with.**

**OBJECTION AND RESPONSE:** In response to this request, GDC will produce Decedent's classification history, classification summary and institutional file.

**REQUEST FOR PRODUCTION 21: Produce any and all incident reports involving inmate Charles Thomas White (GDC ID: 272447) while in custody at Johnson State Prison.**

**OBJECTION AND RESPONSE:** In response to this request, GDC will produce the disciplinary history for inmate Charles White and incident reports.

**REQUEST FOR PRODUCTION 22: Produce a copy of all logs of rounds or checks conducted in the hall where Decedent was housed on November 12, 2020.**

**OBJECTION AND RESPONSE:** GDC will produce the log book for Dormitory G for November 12, 2020.

**REQUEST FOR PRODUCTION 23: Produce all records in Your possession, custody, or control from any investigation or report by any other entity into this incident, including any from the Georgia Bureau of Investigation.**

OBJECTIONS AND RESPONSE:  Please see the response to Request number 4.

**REQUEST FOR PRODUCTION 24: Produce all records in Your possession that you may use at trial.**

12

**OBJECTIONS AND RESPONSE:**  GDC is not a party to this litigation.

**REQUST FOR PRODUCTION 25:** Produce all materials provided to any expert witness You or any other Defendant, have consulted with or who may testify in this matter, any communications with such experts, and any opinions and reports of such experts.

**OBJECTIONS AND RESPONSE:**  GDC is not a party to this litigation.

**REQUEST FOR PRODUCTION 26:** Produce any document You contend justifies any of the actions or inactions of the Correctional Officers involved in the Incident.

**OBJECTIONS AND RESPONSE**:  GDC is not a party to this litigation.

**REQUEST FOR PRODUCTION 27:** Produce any witness statement, affidavit, interview, or any other document obtained by You or any of your agents connected to this Incident or this litigation.

**OBJECTIONS AND RESPONSE:**   GDC is not a party to this litigation.

Otherwise, please see the response to request number 4.

Respectfully submitted this the 31st of March, 2023.

| | |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| BETH A. BURTON<br>Deputy Attorney General | 027500 |
| */s/Tina M. Piper*<br>TINA M. PIPER<br>Senior Assistant Attorney General | 142469 |

Please direct communications to:

Tina M. Piper
Senior Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
(404) 458-3317
tpiper@law.ga.gov

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served OBJECTIONS AND RESPONSE OF NON-PARTY GDC TO PLAINTIFFS' RULE 45 SUBPOENA, as follows:

Samatha Funt
sam@mitchellshapiro.com

Zack Greenmyre
zack@mithcellshapiro.com

Will Peters
wpeters@law.ga.gov


This 31st day of March, 2023.

                              */s/Tina M. Piper*
                              TINA M. PIPER
                              Senior Assistant Attorney General

Please direct communications to:
Tina M. Piper
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
(404) 656-3317
tpiper@law.ga.gov