**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| HALEY MACKRELL, *as parent of* M.T.M., *surviving child of* HAKEEM WILLIAMS, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:24-CV-7 (LAG) |
| | : | |
| ANGELA BUTLER, individually, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Plaintiff's Motion for Leave to File Under Seal. (Doc. 37). Therein, Plaintiff moves to file under seal the following exhibits in support of her Response in Opposition to Summary Judgment: (1) GDC Intelligence Profile of Jonathan Bivens; (2) GDC Intelligence Profile of Hakeem Williams; (3) Photograph of Murder Weapon; and (4) Valdosta Contraband Report. (*Id.* at 1). Plaintiff represents that there is good cause to have these documents filed under seal due to the "impact to safety and security of [Valdosta State Prison] and also to the OPS investigation process." (*Id* at 3). Defendant did not respond to the Motion. (*See* Docket). Accordingly, the Motion for Leave to File Under Seal is ripe for review. M.D. Ga. L.R. 7.2.

In both civil and criminal cases, courts recognize a presumption in favor of public access to court records that is grounded in "[t]he common-law right of access to judicial proceedings, an essential component of our system of justice[.]" *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citation omitted); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). A party may overcome this presumption, however, by demonstrating "that closure is essential to preserve higher values and is

narrowly tailored to serve that interest." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005) (citations omitted); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (explaining that restricting access to court filings may be appropriate if a litigant establishes "a sound basis or legitimate need to take judicial action" preventing public disclosure).

Because the exhibits to be filed under seal include sensitive information relating to state investigations and the security of Valdosta State Prison—and the request is narrowly tailored—Plaintiff has shown good cause to file the exhibits under seal. (*See* Doc. 37). Accordingly, Plaintiff's Motion for Leave to File Under Seal (Doc. 37) is **GRANTED**. The Clerk of Court is **DIRECTED** to file the four exhibits to Plaintiff's Response to the Motion for Summary Judgment (Doc. 36) referenced in the Motion to Seal—(1) the GDC Intelligence Profile of Jonathan Bivens; (2) the GDC Intelligence Profile of Hakeem Williams; (3) the Photograph of the Murder Weapon; and (4) the Valdosta Contraband Report—under seal.

      **SO ORDERED**, this 7th day of May, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**