**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

HALEY MACKRELL, *as parent of*          :
M.T.M., *surviving child of* HAKEEM     :
WILLIAMS,                               :
                                        :
    Plaintiff,        :
                                        :
v.                                      :          CASE NO.: 7:24-CV-7 (LAG)
                                        :
ANGELA BUTLER,                          :
                                        :
    Defendant.        :
                       :

## <u>ORDER</u>

Before the Court is Defendant Angela Butler's Motion to Seal Declaration. (Doc. 63). On April 1, 2026, Defendant filed a Response to the Court's Order to Show Cause along with an Affidavit Declaration of Roger Chalmers. (Doc. 60). In the instant motion, Defendant seeks to seal the Declaration of Roger Chalmers because it contains a photo of Plaintiff's minor child and "to protect the child's privacy interest." (Doc. 63 at 1). Defendant represents that Plaintiff has requested that the document be redacted. (*Id.*).

In both civil and criminal cases, courts recognize a presumption in favor of public access to court records that is grounded in "[t]he common-law right of access to judicial proceedings, an essential component of our system of justice." *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). A party may overcome this presumption, however, by demonstrating "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (explaining that restricting access to court filings may be appropriate if a litigant establishes "a sound

basis or legitimate need to take judicial action" preventing public disclosure). For example, restricting access to court filings may be warranted when "[a] party's privacy or proprietary interest in information . . . overcomes the interest of the public in accessing the information." *Romero v. Drummond Co.*, 480 F.3d 1243, 1246 (11th Cir. 2007).

Defendant seeks to file under seal the Declaration of Roger Chalmers which contains photographs of the Plaintiff's minor child. Defendants request to file the Declaration under seal is narrowly tailored to serve the Parties' privacy and proprietary interests. As Defendant has shown good cause to seal the subject document, the Motion is **GRANTED**.

**SO ORDERED**, this 14th day of April, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**